**Elman Vincent HARDEE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 7140.**

United States Court of Appeals
Fourth Circuit.

Argued March 19, 1956.

Decided April 9, 1956.

evidence were amply sufficient to establish appellant's connection with it, particularly when it is remembered that, upon motion by defendant for a directed verdict, the evidence must be viewed in the light most favorable to the prosecution. In connection with the evidence bearing upon the operation of the lottery, it was certainly proper to admit testimony as to how a lottery of this sort is operated and for the jury to consider such evidence in passing upon whether or not appellant had been operating such a lottery. No objection was noted or exception taken in the court below to the reference by the court to the admission by counsel as to the possession by appellant of lottery tickets; and it is too late to raise such a point for the first time in this court.

Affirmed.

Robert S. Cahoon, Greensboro, N. C. (Harry R. Stanley, Greensboro, N. C., on the brief), for appellant.

Robert L. Gavin, Asst. U. S. Atty., Greensboro, N. C. (Edwin M. Stanley, U. S. Atty., Greensboro, N. C., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from a conviction and sentence under 26 U.S.C. § 2707(b) and (c) of wilfully failing to register and pay the tax as required by 26 U.S.C. §§ 3290, 3291, for conducting a lottery. In addition to contending that the evidence was not sufficient to take the case to the jury, the appellant contends that the court erred in refusing to instruct the jury not to consider against him the testimony of a witness who testified generally as to the manner in which lotteries were operated and in referring to an admission by counsel as to his possession of lottery tickets. There is no merit in any of these contentions. The operation of the lottery was clearly proven and the circumstances shown in